## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, | : <br> : <br> : <br> : Civil Action No. |
| Plaintiff, | : <br> : |
| vs. | : <br> : |
| PAUL GARY LIEBMAN, | : <br> : |
| Defendant. | : |

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Wells Fargo Advisors Financial Network, LLC ("Wells Fargo" or "Petitioner"), by and through its undersigned attorneys, hereby petitions the Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm and enter judgement upon the November 25, 2019 arbitration award ("Award") against Respondent Paul Gary Liebman ("Liebman" or "Respondent") in the Financial Industry Regulatory Authority ("FINRA") arbitration captioned *Wells Fargo Advisors Financial Network, LLC v. Paul Gary Liebman*, FINRA Arb. No. 19-01407, [1] and for other and further relief as the Court deems just and proper, including the award of counsel fees. In support of its Petition, Wells Fargo incorporates its concurrently filed Memorandum of Law in Support of Petition to Confirm Arbitration award and Affidavit of Bradley L. Mitchell, and avers as follows:

### PARTIES

1. Petitioner Wells Fargo Advisors Financial Network, LLC is a limited liability company organized under the laws of the State of Delaware having its principal place of business in Missouri.

---

[1] A true and correct copy of the arbitration award is attached as Exhibit "A" to the Affidavit of Bradley L. Mitchell filed herewith.

2. Wells Fargo Advisors Financial Network, LLC's sole member is Wachovia Securities Financial Holdings, LLC.

3. Wachovia Securities Financial Holdings, LLC is a limited liability company organized under the laws of the State of Delaware having its principal place of business in Missouri.

4. Wachovia Securities Financial Holdings, LLC is wholly owned by EVEREN Capital Corporation, a Delaware corporation with its principal place of business in the State of North Carolina.

5. EVEREN Capital Corporation is wholly owned by WFC Holdings, LLC, a limited liability company organized under the law of the State of Delaware with its principal place of business in the State of California.

6. WFC Holdings, LLC's sole member is Wells Fargo & Company, a Delaware corporation with its principal place of business in the State of California.

7. Therefore, Petitioner is a citizen of Delaware, Missouri, North Carolina, and California.

8. Respondent Paul Gary Liebman is an individual citizen of the State of New York and resides at 15 Suttonwood Drive, Commack, NY 11725.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Delaware, Missouri, North Carolina, and California, and a citizen of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Liebman, pursuant to N.Y. C.P.L.R. 301, by virtue of his domicile and presence within New York, and by virtue of his consent to FINRA arbitration in New York.

11. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because the Arbitration Clauses of Liebman's promissory notes specify that judgment may be entered upon the Award "in any

state or federal court of competent jurisdiction."

12. Even in absence of the parties' agreement, venue in the Southern District of New York would still be appropriate pursuant to 9 U.S.C. § 9 as it is where the Award was made.

## FACTS

**Pre-Arbitration Background Facts**

13. Liebman was formerly a registered representative and financial consultant with Wells Fargo Financial Advisors Network, LLC.

14. Wells Fargo Financial Advisors Network, LLC is a FINRA Member.

15. Liebman was an Associated Person of a Member during his affiliation with Wells Fargo Financial Advisors Network, LLC.

16. On or about May 12, 2014, Liebman executed two promissory notes with Wells Fargo in the amounts of $327,040 and $186,900 (the "Promissory Notes").

17. After Liebman's affiliation with Wells Fargo terminated on January 19, 2019, Wells Fargo attempted to recover the balances owed on his Promissory Notes by sending three demand letters by overnight mail to his home address on January 24, 2019, February 13, 2019, and March 19, 2019, all of which went unanswered.

18. The last of these letters demanded repayment of the remaining balance of $474,874.15 owed on his Promissory Notes and advised him that Wells Fargo would be filing a FINRA Statement of Claim against him if it did not receive a timely response.

**Initiation of FINRA Arbitration**

19. On May 21, 2019, Wells Fargo commenced arbitration with FINRA by filing a Statement of Claim against Liebman in the action captioned *Wells Fargo Advisors Financial Network, LLC v. Paul Gary Liebman*, FINRA Dispute Resolution No. 19-01407.

20. The Statement of Claim alleged that after Liebman's affiliation with Wells Fargo terminated on or about January 18, 2019, Liebman was obligated to repay monies loaned to him by Wells Fargo under the terms of the Promissory Notes, and that Liebman breached his obligations under the Promissory Notes when he failed to repay the monies he owed to Wells Fargo.

21. In the Statement of Claim, Wells Fargo sought repayment of the $474,874.15 that Liebman owed to Wells Fargo plus interest, costs, and attorneys' fees as provided for by the terms of the promissory notes.

22. In the Statement of Claim, Wells Fargo requested that the arbitration hearing take place at FINRA's New York Dispute Resolution office located at One Liberty Plaza, 165 Broadway, 27th Floor, New York, NY 10006, pursuant to FINRA Rule 13213(a), as this is the hearing location closest to where Mr. Liebman worked at the time the dispute occurred.

23. The arbitration action was assigned to FINRA Senior Case Administrator Arthur Baumgartner located at FINRA's New York Dispute Resolution office and assigned a hearing location of the New York Dispute Resolution office.

**Claim Service Packet**

24. FINRA served Liebman with the Claim Service Packet on May 24, 2019 by regular and certified mail to his home address of 15 Suttonwood Drive, Commack, New York 11725.

25. The Claim Service Packet included, *inter alia*, a copy of the Statement of Claim and a letter notifying Liebman that he was required to file and serve an Answer to the Statement of Claim by July 15, 2019 and that FINRA Rules required him to register for and use FINRA's DR Portal.

26. The Claim Service Packet also included another letter which notified Liebman that the case would proceed pursuant to FINRA Rule of Industry Arbitration 13806, which applies to disputes concerning the failure to pay monies owed on promissory notes, and that pursuant to Rule 13806 "[I]f the associated person does not file an answer, no initial prehearing conference or hearing will be held,

4

and the arbitrator will render an award based on the pleadings and other materials submitted by the parties."

**Liebman's Failure to Answer the Statement of Claim and FINRA's Service of an Overdue Notice**

27. Liebman failed to file an Answer to the Statement of Claim by July 15, 2019 as required.

28. On July 16, 2019, FINRA served Liebman with an Overdue Notice by regular and certified mail.

29. The Overdue Notice advised that "[t]his office has not received Paul Gary Liebman's Statement of Answer.  Accordingly, pursuant to Code of Arbitration Procedure Rule 13806, no hearing will be held.  This case will be decided based on the pleadings and other materials submitted by the parties."

30. The Overdue Notice also included another letter advising Liebman:

> Pursuant to FINRA rules, all parties (except pro se investors) are required to use the DR Portal on a mandatory basis to perform necessary case related functions.  Failure to register for the DR Portal will prevent you from submitting pleadings, selecting arbitrators, and receiving notifications relating to case information and deadlines.  FINRA will not accept paper copies or emailed pleadings (absent extraordinary circumstances).  Your failure to register for the DR Portal will also be indicated in the final Award.  To ensure that you have a meaningful opportunity to participate in this case, please register for the DR Portal immediately.

31. The Overdue Notice served on July 16, 2019 also included information concerning the arbitrator selection and ranking process and notified Liebman that he had until August 5, 2019 to submit his arbitrator rankings.

32. Thereafter, Liebman failed to submit any arbitrator ranking, did not register for the DR Portal and did not submit any Answer the Statement of Claim.

5

**Notification of Arbitrator**

33. On August 9, 2019, FINRA served a Notification of Arbitrator on Liebman by regular and certified mail.

34. The Notification of Arbitrator advised that FINRA had appointed Arbitrator Arthur M. Handler, Esq. ("Arbitrator Handler") of Arthur M. Handler Law Offices LLC at 110 East 59th Street, Suite 3200, New York, NY 10022 to render a decision in the arbitration action.

**Revised Service History Report**

35. On August 20, 2019, FINRA sent a Revised Service History Report to Arbitrator Handler.

36. The Revised Service History Report indicates that Liebman's registration status was terminated as of January 18, 2019.

37. The Revised Service History Report also includes a statement that "Associated Persons ("APs") are required to keep their CRD addresses current and Terminated APs must keep their CRD addresses current for two years after termination." and lists Liebman's address for service as 15 Suttonwood Drive, Commack, New York 11725.

38. The Revised Service History Report further indicates that Liebman was served with the Claim Service Packet, Overdue Notice and Notification of Arbitrator by regular and certified mail at his address of record.

39. In the November 25, 2019 Award, Arbitrator Handler concluded in part:

> The Arbitrator determined that Respondent Paul Gary Liebman was served with the Statement of Claim by regular mail and certified mail on May 24, 2019, an Overdue Notice by regular and certified mail on July 16, 2019, and Notification of Arbitrator by regular mail and certified mail on August 9, 2019 and is therefore bound by the Arbitrator's ruling and determination.

40. With regard to Liebman's failure to register for the DR Portal, Arbitrator Handler stated in his November 25, 2019 Award:

6

> The Claim Notification Letter notified Respondent that FINRA rules require parties to use the online DR Portal on a mandatory basis (except for pro se investors) and that failure to register for the DR Portal will prevent the submission of pleadings, selection of arbitrators, and receipt of notification relating to case information and deadlines. Respondent failed to register for the DR Portal.

**Submissions Supporting Interest, Attorney's Fees and Costs in the Underlying Arbitration**

41. On or about September 3, 2019, in response to an August 21, 2019 Order from Arbitrator Handler, Wells Fargo submitted the Certification of Thomas B. Lewis, Esq. in support of Claimant's Application for Attorney's Fees and Costs ("Lewis Certification") and the Affidavit of Jessica G. Klein, concerning the total amounts of interest accrued on the balances due under Liebman's two Promissory Notes ("Klein Affidavit").

42. The Lewis Certification certifies that the attorney's fees incurred by Wells Fargo's counsel from the date of Liebman's default through August 31, 2019 totaled $14,517.60.

43. The Klein Affidavit attests that the total amount of default interest that had accrued on the two Promissory Notes as of September 1, 2019 was $19,715.76.

**Liebman's Initial Request for an Extension to File an Answer to the Statement of Claim Was Granted**

44. On or about October 16, 2019, Liebman requested FINRA grant him an extension to file an Answer to the Statement of Claim.

45. In his request, Liebman claimed to have sent an email to FINRA on September 4, 2019 requesting more time to submit his Answer and contended that he had just been made aware of the arbitration action in August 2019 and that he had suffered several family emergencies over the past few months.

46. In his request, Liebman further claimed that he had not been well since the second week in September and had undergone emergency back surgery on October 2, 2019.

47. On October 28, 2019, Wells Fargo responded to Liebman's request for an extension to file an Answer to the Statement of Claim.

48. In its response, Wells Fargo pointed out that it was unaware of any prior attempts by Liebman to contact FINRA, that it had been three months since the Answer was due and two and a half months since Liebman claimed to have found out about the arbitration action and that the matter had already been submitted to the arbitrator for adjudication.

49. Nevertheless, in an effort to be understanding of the personal and medical circumstances raised by Liebman in his October 16, 2019 request, Wells Fargo did not oppose Liebman's request for an extension provided that it be for no more than ten (10) days from the date of the arbitrator's order granting such an extension and that if he did not file an Answer within ten (10) days, he would thereafter be barred from filing one.

50. On October 28, 2019, Arbitrator Handler granted Liebman's motion for an extension to file an Answer to the Statement of Claim by no later than November 11, 2019, or an award would be entered against him on default.

51. The October 28, 2019 Order was served upon the parties on October 29, 2019.

52. The October 28, 2019 Order stated in part:

> On the consent of claimant, respondent is granted an extension to file an answer to the statement of claim with supporting documentation by no later than the compliance date set forth below ***or arbitrator shall enter an award in favor of claimant and against respondent on default.***

> 5. Order compliance date:

> The parties should comply with this order by 11/11/2019.

53. Liebman did not file an Answer to the Statement of Claim by November 11, 2019.

8

**Liebman's Additional Requests for Further Extension Were Denied**

54. On November 9, 2019, Liebman emailed FINRA claiming that he was unable to access the DR Portal.

55. FINRA forwarded Liebman's November 9, 2019 email to Arbitrator Handler on November 11, 2019.

56. On November 12, 2019, Wells Fargo sent a letter to FINRA in response to Liebman's November 9, 2019 email indicating its opposition to any further extension and requesting enforcement of the arbitrator's October 28, 2019 Order.

57. FINRA forwarded Wells Fargo's November 12, 2019 response to Arbitrator Handler for consideration on November 13, 2019.

58. On November 12, 2019, Liebman emailed FINRA referencing his October 4, 2019 back surgery, and stating "at this point As [sic] I am incapable of responding to the claimants' statement of claim, again because I have never received the document, and therefore never reviewed the statement of claim.  In addition, as you are aware I have been unsuccessful in accessing the statement of claim or any other type of information on the FINRA portal."

59. In Liebman's November 12, 2019 email to FINRA, he also requested Wells Fargo be ordered to personally serve him at his residence with the Statement of Claim on a Tuesday or Thursday between 5:30 and 7:30 p.m.

60. On November 14, 2019, the parties were served with a November 13, 2019 order from the arbitrator addressing "[r]espondent's renewed request . . . to be relieved of default in responding to the claimant's request for award on respondent's default in payment of promissory note" and directing Wells Fargo to file a reply to Liebman's written submission by November 19, 2019.

61. On November 19, 2019, Wells Fargo filed a letter in response to Liebman's November 12, 2019 email.

62. Wells Fargo's November 19, 2019 response letter stated in part:

> Correspondence from FINRA, beginning with the Claim Service Packet dated May 24, 2019, indicates that Respondent has had multiple opportunities to access the Statement of Claim in both physical and electronic form. FINRA's August 20, 2019 Revised Service History Report shows that FINRA served Respondent with the Statement of Claim on or about May 24, 2019 by regular mail and certified mail at Respondent's address on record with FINRA. This is the same address at which Respondent now requests personal service by Claimant in his November 11, 2019 email correspondence to FINRA. *See* November 12, 2019 E-mail, attached hereto as Exhibit A. This is also the same address to which Claimant sent multiple demand letters to Respondent beginning on January 24, 2019 that went unanswered and the same address to which Claimant admits he has received other correspondence from FINRA concerning this case. Moreover, FINRA's November 12, 2019 e-mail shows that FINRA sent Mr. Liebman another invitation to register for the DR Portal on November 11, 2019. *See* Exhibit A.
>
> Given the above, Claimant finds it hard to believe that Respondent did not receive the Statement of Claim or that he was unable to access it through the DR Portal. Even assuming this was the case, Respondent has not acted diligently to comply with FINRA's Order or gain access to the DR Portal. Now, Respondent continues to add undue delay to this arbitration's proceedings by requesting that Claimant be ordered to "serve personally" the Statement of Claim upon Mr. Liebman.
>
> Claimant's opposition to Respondent's requests for an additional extension of time to file his Answer remains unchanged.

63. On November 21, 2019, FINRA forwarded Liebman's November 12, 2019 email and Wells Fargo's November 19, 2019 response to Arbitrator Handler for consideration.

64. With regard to Liebman's requests for extensions, the arbitrator stated in his Award as follows:

> By correspondence dated October 16, 2019, Respondent filed a motion requesting an extension to submit a Statement of Answer. By correspondence dated October 28, 2019, claimant consented to Respondent's request for an extension provided any such extension was for no more than 10 days from the date of the order, and if Respondent did not file an Answer within 10 days of the date of the order, that he be barred from filing an Answer.

10

>By Order dated October 28, 2019, the Arbitrator granted Respondent's request for an extension to file an Answer to the Statement of Claim with supporting documentation by no later than November 1, 2019 or the arbitrator shall enter an award in favor of Claimant and against Respondent on default.
>
>Respondent Paul Gary Liebman did not file a Statement of Answer. Accordingly, this matter proceeded pursuant to Rule 13806 of the Code of Arbitration Procedure.

65. FINRA Rule 13806 provides that "[I]f the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties."

**The Award on Wells Fargo's Claims**

66. On November 25, 2019, the arbitrator issued a written Award deciding and determining "in full and final resolution" the issues submitted for arbitration.

67. The Award was served upon the parties that same day.

68. The Award found Liebman liable to Wells Fargo and ordered him to pay the following:

- $474,874.15, representing the balance due and owing under the Promissory Notes plus interest accrued during the terms of the Promissory Notes;
- $19,715.76, in interest;
- $14,517.60, in attorney's fees;
- $241.30, in costs;
- $1000, to reimburse Wells Fargo for the non-refundable portion of the FINRA filing fee; and
- $300 for the paper decision fee.

69. Wells Fargo has received no payment from Liebman on the Award.

70. Liebman has not moved to vacate or modify the Award as of the date of this Petition.

## COUNT ONE
**(Confirm and Enter Judgement upon the Arbitration Award under the Federal Arbitration Act)**

71. Wells Fargo repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72. The arbitrator properly rendered his Award based on the pleadings and other materials submitted by the parties in accordance with FINRA Rule 13806.

73. The arbitrator had at least a barely colorable justification to find that Liebman had been served with the Statement of Claim, Overdue Notice and Notice of Arbitrator and is therefore bound by the arbitrator's ruling and determination.

74. The arbitrator had at least a barely colorable justification that Liebman failed to timely register for the DR Portal and that he should not be excused from default judgement.

75. The arbitrator had at least a barely colorable justification to find that Liebman breached his obligations under the Promissory Notes and to render an award in favor of Wells Fargo totaling $510,648.81.

76. By reason of the foregoing, the court should issue an order confirming the arbitration award and direct that judgment be entered thereon.

## COUNT TWO
**(Award Attorney's Fees to Petitioner Pursuant to the Parties' Agreements)**

77. Wells Fargo repeats and realleges paragraphs 1 through 76 hereof, as if fully set forth within.

78. Both Promissory Notes contain "Reimbursement of Expenses; Waiver of Presentment, etc." provisions, which state: "You agree to pay all reasonable costs and expenses incurred by or on behalf of WFAFN in connection with its exercise of any or all of its rights and remedies under this Note, including, without limitation, reasonable attorneys' fees. You hereby waive presentment, demand, protest and notice of dishonor."

79. A Certification of attorney's fees associated with the post-award filing of the instant motion is filed herewith.

80. The Certification sets forth the amount of attorney's fees incurred by Wells Fargo on its collection efforts from the date the award was rendered on November 25, 2019 through March 13, 2020, which totals $24,056.60.[2]

81. Accordingly, Wells Fargo is entitled to its costs, including attorney's fees, associated with its post-arbitration efforts to enforce the arbitration award and filing of the petition to confirm the arbitration award.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[2] Wells Fargo respectfully reserves the right to provide updated figures to the Court encompassing additional time periods.

**WHEREFORE**, Petitioner respectfully requests that this Court issue an order pursuant to 9 U.S.C. § 9 confirming the Award, award Wells Fargo its counsel fees pursuant to the parties' agreement, and enter judgment pursuant to 9 U.S.C. § 13 in the total amount of $533,183.11.  This amount includes all amounts set forth in the Award:

- $474,874.15, representing the balance due and owing under the promissory notes plus interest accrued during the terms of the notes;

- $19, 715.76, in interest;

- $14,517.60, in attorney's fees;

- $241.30, in costs;

- $1,000, to reimburse Claimant for the non-refundable portion of the FINRA filing fee; and

- $300 for the paper decision fee; and

- $24,057.60 in attorneys' fees associated with enforcing the Award and filing the Petition to Confirm the Award.

                Respectfully submitted,

                STEVENS & LEE

Dated: March 27, 2020        By: /s/ Bradley L. Mitchell
                                   Bradley L. Mitchell

                                   Stevens & Lee, P.C.
                                   Princeton Pike Corporate Center
                                   100 Lenox Drive, Suite 200
                                   Lawrenceville, New Jersey 08648
                                   Tel.: (609) 987-6680
                                   Email: blm@stevenslee.com